UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| MICHAEL THRONEBERRY, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-00231-KAC-SKL |
| SHELBYVILLE POLICE DEPARTMENT, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Michael Throneberry, Jr., ("Plaintiff") initiated this case by filing a handwritten "APPLICATION TO PROCEED IN FORMA PAUPERIS WITH SUPPORTING DOCUMENTATION" [Doc. 2] and a "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (Non-Prisoner Complaint)" [Doc. 1].[1]

On October 16, 2023, the Court entered an Order [Doc. 4], which described the responsibility under 28 U.S.C. § 1915(e)(2) to screen actions filed by plaintiffs who seek IFP status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). The Order outlined significant deficiencies with Plaintiff's complaint as drafted. The Order also explained Plaintiff's handwritten application to proceed *in forma pauperis* ("IFP") did not provide

---

[1] Plaintiff has identified himself in the filings for this case both as "Michael Throneberry, Jr.", and as "Michael Throneberry."

sufficient information and that if Plaintiff was currently incarcerated, he was required to submit a copy of his prisoner trust fund account statement (or institutional equivalent) for the previous six months. Plaintiff was ordered to file an amended complaint as well as a new IFP application and any required supporting documentation within 14 days. Otherwise, the Order warned, the Court could not properly screen Plaintiff's claims or consider his IFP application, and this case would be dismissed.

The 14-day deadline has now passed, and Plaintiff has not filed an amended complaint nor has he provided the necessary information or documentation for his IFP application. Plaintiff also has not requested an extension of the deadline or made any other filings. Accordingly, I **RECOMMEND**[2] Plaintiff's IFP application be **DENIED AS MOOT**. I further **RECOMMEND** that all claims Plaintiff has attempted to assert in his complaint be **DISMISSED**, and this case **CLOSED**. *See* Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).